IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff,<br><br>vs.<br><br>PAPA MURPHY'S COMPANY STORES INC,<br>and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON'S CONSUMER ELECTRONIC MAIL ACT, RCW 19.190 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Nathen Barton, and complains against Papa Murphy's Company Stores Inc, and for cause of action against the Defendants complains and alleges as follows:

## I.     INTRODUCTION

1.     Some businesses in America survive solely by cold-calling Americans, pestering them with unwanted calls.

2.     Those businesses don't have a competitive advantage sufficient to survive via word of mouth or traditional advertising without resorting to illegal actions.

3.     Papa Murphy's Company Stores Inc. is one such business.

COMPLAINT - 1

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

4.     They sell pizza, which is a useful service to offer the community, but they look for potential customers, such as the Plaintiff, via illegal telemarketing, and don't stop when asked nicely.

## II.    PARTIES, JURISDICTION & VENUE

5.     The Plaintiff is and was a resident of Clark County, Washington State at all times relevant and material to this complaint.

6.     Defendant Papa Murphy's Company Stores Inc ("Papa Murphy") operates in Washington State with registered agent Corporation Service Company.

7.     Papa Murphy's corporate headquarters is 16508 SE 24th St, Vancouver, WA 98683.

8.     Their registered agent may be served process at 300 Deschutes Way SW Ste 208-MC-CSC1, Tumwater WA 98501.

9.     DOES 1-10 are currently unknown parties who acted as the agent of a known defendant in telephone soliciting consumers and Plaintiff.

10.    All of the calls alleged in this complaint occurred inside the State of Washington during the last four years, and Plaintiff received most of them in Clark County Washington State during working hours.

11.    Papa Murphy is within the jurisdiction of the Court.

12.    At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

13.    Venue is proper in this County because many of the violations against the Plaintiff and putative class members occurred in this Court's jurisdiction.

## III.    FACTUAL ALLEGATIONS

COMPLAINT - 2

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

**Plaintiff Nathen Barton**

14.     The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the text messages Papa Murph sent to Mr. Barton, *also known as* a commercial electronic text message under RCW 19.190.010(3).

15.     The Plaintiff uses his cell phone number for personal use as one would use a landline.

16.     The Plaintiff registered his Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days prior to the first text message in the call matrix before.

17.     At no time relevant to this lawsuit did Mr. Barton consent to Papa Murph or its agents soliciting him by text message, phone calls, or with phone calls initiated with artificial or pre-recorded voice.

18.     Papa Murph or its agents had a pattern and practice of telephone soliciting the Plaintiff even though Mr. Barton used a reasonable means to ask them to stop calling his phone number on 7/1/2025.

19.     This list of calls below is a list of text messages the Plaintiff has received, each of them from Papa Murph or an agent acting on behalf of Papa Murph, each text message encouraging the purchase of goods or services from or through Papa Murph's website and stores, and initiated with the aim of increasing Papa Murph's prosperity.

| Call # | Calling # | Date |
|--------|-----------|-----------|
| 1 | 90421 | 3/4/2026 |
| 2 | 90421 | 3/8/2025 |
| 3 | 90421 | 3/9/2025 |
| 4 | 90421 | 3/11/2025 |
| 5 | 90421 | 3/14/2025 |
| 6 | 90421 | 3/16/2025 |
| 7 | 90421 | 3/18/2025 |

COMPLAINT - 3

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

| 8  | 90421 | 3/25/2025 |
|----|-------|-----------|
| 9  | 90421 | 3/29/2025 |
| 10 | 90421 | 4/6/2025  |
| 11 | 90421 | 4/8/2025  |
| 12 | 90421 | 4/21/2025 |
| 13 | 90421 | 4/21/2025 |
| 14 | 90421 | 4/22/2025 |
| 15 | 90421 | 4/22/2025 |
| 16 | 90421 | 4/29/2025 |
| 17 | 90421 | 5/5/2025  |
| 18 | 90421 | 5/7/2025  |
| 19 | 90421 | 5/13/2025 |
| 20 | 90421 | 5/21/2025 |
| 21 | 90421 | 5/27/2025 |
| 22 | 90421 | 6/10/2025 |
| 23 | 90421 | 6/13/2025 |
| 24 | 90421 | 6/15/2025 |
| 25 | 90421 | 6/24/2025 |
| 26 | 90421 | 6/25/2025 |
| 27 | 90421 | 6/27/2025 |
| 28 | 90421 | 6/28/2025 |
| 29 | 90421 | 6/30/2025 |
| 30 | 90421 | 7/3/2025  |
| 31 | 90421 | 7/8/2025  |
| 32 | 90421 | 7/11/2025 |
| 33 | 90421 | 7/22/2025 |
| 34 | 90421 | 7/23/2025 |
| 35 | 90421 | 7/25/2025 |
| 36 | 90421 | 8/1/2025  |
| 37 | 90421 | 8/5/2025  |
| 38 | 90421 | 8/6/2025  |
| 39 | 90421 | 8/15/2025 |
| 40 | 90421 | 8/20/2025 |
| 41 | 90421 | 8/23/2025 |
| 42 | 90421 | 8/26/2025 |

COMPLAINT - 4

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

20.

21.    The text messages often contained a URL that if clicked opened a webpage owned and operated by Papa Murph selling pizza.

22.    The following are specific examples of text messages Papa Murph or its agent sent to Mr. Barton:

23.



COMPLAINT - 5

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

24.    None of the text messages contained a telephone number at which Mr. Barton could make a do-not-call request during business hours.

25.    In each of the messages sent to Mr. Barton, Papa Murph was advertising goods and services with language such as, "Calling all pizza lovers: it's $12.99 Tuesday!", "Papa Murphy's: the way pizza should be, $4 off.", or "Papa Murphy's: Feel like mixing it up? Try our Mix'n'Match menu!" all consistent with the products and services offered by Papa Murph.

26.    Mr. Barton never provided his telephone number to Papa Murph, never had a relationship with Papa Murph, and never gave permission for Papa Murph to send him any type of communication.

### IV.    CAUSES OF ACTION
### ALLEGATIONS APPLICABLE TO ALL COUNTS

27.    Papa Murph is a "seller" as defined by 47 CFR § 64.1200(f)(10).

28.    All of the calls Papa Murph initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

29.    Papa Murph is a "person" as defined by RCW 19.86.010(1).

30.    The Plaintiff is a person as defined by RCW 19.86.010(1).

31.    Papa Murph engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

32.    The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Papa Murph.

33.    The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

34.    Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

COMPLAINT - 6

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

35.    Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

## COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. 227(c)

36.    Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation without consent to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

37.    The Plaintiff realleges the previous paragraphs supra.

38.    The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

39.    Papa Murph violated 47 U.S.C. 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

40.    No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to its calls.

41.    Mr. Barton specifically asked them to stop telephone soliciting him, and they ignored the request.

42.    Papa Murph' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

43.    Papa Murph violated 47 U.S.C. § 227(c) on no fewer than forty-two (42) occasions.

44.    The Plaintiff has been damaged and injured as a result of these actions.

## COUNT 2 – WASHINGTON STATE'S COMMERCIAL ELECTRONIC MAIL ACT
### RCW 19.190

45.    Washington State's Consumer Electronic Mail Act ("CEMA") prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to

COMPLAINT - 7

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

1  promote real property, goods, or services for sale or lease" without the explicit permission of

2  the receiving party.

3      46.    (1) No person conducting business in the state may initiate or assist in the

4  transmission of an electronic commercial text message to a telephone number assigned to a

5  Washington resident for cellular telephone or pager service that is equipped with short message

6  capability or any similar capability allowing the transmission of text messages.

7      47.    (2) The legislature finds that the practices covered by this section are matters

8  vitally affecting the public interest for the purpose of applying the consumer protection act,

9  chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development

10  and preservation of business and is an unfair or deceptive act in trade or commerce and an

11  unfair method of competition for the purpose of applying the consumer protection act, chapter

12  19.86 RCW.  RCW 19.190.060.

13      48.    The Washington State Supreme Court has held[1] that sending a text message in

14  violation of CEMA is a per-se violation of the states' Consumer Protection Act statute RCW

15  19.86, meaning it automatically satisfies all five elements.   "In fact, damages for CEMA

16  violations are automatic." *Id.*

17      49.    The Washington State legislature determined that "[d]amages to the recipient of

18  a . . . commercial electronic text message sent in violation of this chapter are five hundred

19  dollars, or actual damages, whichever is greater." RCW 19.190.040(1).

20      50.    The Plaintiff realleges the previous paragraphs supra.

21      51.    Papa Murph either initiated or substantially assisted in the transmission of text

22  messages to Plaintiff that promoted the sale of goods or services.

23      52.    Papa Murph violated 47 U.S.C. § 227(c) on no fewer than forty-two (42)

24  occasions.

25

26  [1] *Wright v. Lyft, Inc.*, 189 Wash. 2d 718, (Wash. 2017)

COMPLAINT - 8

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

## COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. § 64.1200(d)

53.    Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

54.    The Plaintiff realleges the previous paragraphs supra.

55.    Papa Murph did not have procedures for maintaining a list of persons who request not to receive such calls.

56.    Mr. Barton made a do-not-call request to Papa Murpyh but they continued to telephone solicit him.

57.    Therefore, Papa Murph has violated 47 C.F.R. § 64.1200(d) on no fewer than forty-two (42) occasions.

58.    The Plaintiff has been damaged and injured as a result of these actions.

## COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT
### 47 C.F.R. § 64.1200(d)(4)

59.    Pursuant to 47 C.F.R. § 64.1200(d)(4), all calls made for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

60.    The Plaintiff realleges the previous paragraphs supra.

61.    Papa Murph never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted by the Plaintiff.

62.    The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

COMPLAINT - 9

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

63.    Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than twenty six (26) occasions.

64.    The Plaintiff has been damaged and injured as a result of these actions.

## COUNT 5 – WASHINGTON CONSUMER PROTECTION ACT

65.    A violation of RCW 19.190 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.16 *et seq*.

66.    The Plaintiff realleges the previous paragraphs supra.

67.    Each of the previously pleaded violations of RCW 19.190 by Papa Murph against Mr. Barton were also violations of the Washington Consumer Protection Act.

68.    The Plaintiff has been injured and damaged because of Papa Murph's actions.

69.    Papa Murph's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

70.    Therefore, the Defendants have violated RCW 19.16 *et seq* on no fewer than forty-two (42) occasions.

## COUNT 6 – 47 CFR § 64.1601(e).

71.    47 CFR § 64.1601(e) requires that any entity engaged in telemarketing as that term is defined in 47 C.F.R § 64.1200 must transmit caller identification information.

72.    The Plaintiff realleges the previous paragraphs supra.

73.    That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

74.    The Defendants and their agents did neither.

COMPLAINT - 10

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

75.    Papa Murph or their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Papa Murph chose not to transmit this information on any call to Plaintiff.

76.    Papa Murph and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

77.    Therefore, Papa Murph has violated 47 CFR § 64.1601(e) on no fewer than forty-two (42) occasions.

**COUNT 7 – INJUNCTIVE RELIEF**

78.    A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

79.    A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

80.    A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C.§ 227.

81.    The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting Papa Murph from acting in any manner at odds with 47 U.S.C.§ 227(c), 47 CFR § 64.1601(e), and RCW 19.190.

82.    The Plaintiff realleges the previous paragraphs supra.

83.    Despite a DNC request, Papa Murph continued telephone soliciting Mr. Barton.

84.    Papa Murph's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

85.    Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

COMPLAINT - 11

Nathen Barton
4618 NW 11th Cir
Camas WA 98607

86.    Injunctive relief should therefore be granted by this Court.

## V.    JURY DEMAND

87.    The Plaintiff demands a trial by jury.

## VI.    PRAYER FOR RELIEF

88.    WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that the Plaintiff and his counsel be appointed to represent the Class and for judgment be entered against Papa Murph for:

89.    For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

90.    For statutory damages of at least $500.00 per violation of the Commercial Electronic Mail Act and RCW 19.190;

91.    Injunctive relief;

92.    For treble damages pursuant to RCW 19.86.090 and 47 U.S.C. § 227(c).

93.    For the Plaintiff's costs and attorney's fees (should Mr. Barton retain an attorney) pursuant to RCW 19.86.90;

94.    For all injunctive relief as pleaded for above;

95.    For any and all other relief this Court deems proper.

November 12, 2025


_____
(Nathen Barton)


Nathen Barton
BlueWind33@ProtonMail.com
(360) 241-7255
4618 NW 11th Cir
Camas WA 98607

COMPLAINT - 12