HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN BARTON,<br><br>        Plaintiff,<br><br>    v.<br><br>PAPA MURPHY'S COMPANY STORES INC. and DOES 1-10,<br><br>        Defendants. | Case No.: 3:25-cv-06093-DGE<br><br>**DEFENDANT PAPA MURPHY'S COMPANY STORES, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>MARCH 17, 2026 |

PLEASE TAKE NOTICE that Defendant Papa Murphy's Company Stores, Inc. ("Papa Murphy's") hereby submits this Motion to Dismiss the First Amended Class Action Complaint by Plaintiff Nathen Barton ("Plaintiff") pursuant to Rules 12(b)(1), (2), (5) and (6) and in support therefore, states as follows:

**I.      INTRODUCTION**

The First Amended Class Action Complaint ("FAC") by Plaintiff alleging violations of the Telephone Consumer Protection Act ("TCPA"), and related state law claims, against Papa Murphy's should be dismissed because this Court lacks subject matter jurisdiction. Plaintiff served, but did not file, a Washington state court summons and complaint on Papa Murphy's (the

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 1

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

"State Court Action"). Papa Murphy's properly filed a timely notice of removal that included a written demand that Plaintiff file the State Court Action pursuant to Washington Superior Court Civil Rule 3(a) ("CR 3(a)"). To Papa Murphy's knowledge, Plaintiff did not file the State Court Action within fourteen days of service of the written demand, rendering service of the summons and complaint void under CR 3(a). As a result, **no civil action was commenced, or is pending, in Washington state court** as required for removal and for this Court to have subject matter jurisdiction under 28 U.S.C. §§ 1441, 146(d). For the same reasons, Plaintiff also did not serve Papa Murphy's, and this Court has no personal jurisdiction over Papa Murphy's. Therefore, the FAC should be dismissed pursuant to Rules 12(b)(1), (2) and (5).

In the event the Court determines that it has subject matter jurisdiction, that service was valid and that it has personal jurisdiction over Papa Murphy's, the Complaint should still be dismissed. Plaintiff's TCPA claims fail as a matter of law because the term "telephone call" as utilized in Section 227(c)(5) does not encompass the "text messages" that are the subject of the Complaint. In addition, Plaintiff's Second Cause of Action for alleged failure to transmit caller identification information is invalid on its face, as Plaintiff admits that all the text messages did transmit caller identification information and Plaintiff cannot allege it could not send an opt-out text during regular business hours.

## II.   BACKGROUND

On November 14, 2025, Plaintiff served a Summons and Complaint on Papa Murphy's for a lawsuit entitled *Nathen Barton v. Papa Murphy's Company Stores, Inc., et al.* in the Superior Court of the State of Washington for the County of Clark (the "State Court Action"). Docs. 1-2 and 1-3. In general, Plaintiff alleges he received unwanted text messages from Papa Murphy's in violation of the TCPA, CEMA and CPA. *See generally*, Doc. 1-3. On December 5, 2025, Papa Murphy's filed, and served, on Plaintiff, a Notice of Removal of the served but not filed State Court Action that included a written demand that Plaintiff file the State Court Action. Doc. 1 at 4:3-6 (and quoting the pertinent language from CR 3(a); Doc. 1 at 5 (Certificate of Service). To

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 2

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Papa Murphy's knowledge, Plaintiff never filed the State Court Action.[1]

On January 16, 2026, Papa Murphy's filed a Motion to Dismiss, or in the Alternative to Strike the Complaint or for a More Definite Statement. Doc. 19. Thereafter, on February 3, 2026, Plaintiff filed the FAC and the Court issued an Order denying the Motion to Dismiss on the grounds it was moot as a result of the FAC. Docs. 23-24. On February 13, 2026, without seeking leave of Court, Plaintiff sought and was issued a Summons and attempted to serve the Summons on Papa Murphy's. Docs. 25-27.[2]

In the FAC, Plaintiff alleges he is a Washington resident and the subscriber and user of an unidentified Washington 360 area code cell phone that received text messages sent by Papa Murphy's while Plaintiff was physically in Washington. Doc. 23 at ¶¶ 19-32. Plaintiff further alleges that he registered his unidentified cell phone number on the national do not call registry more than 30 days prior to the calls at issue. *Id.* at ¶ 24. Plaintiff alleges that he received a total of forty-two (42) text messages between March of 2025 and the present from Papa Murphy's 90421 number. *Id.* at ¶ 30.

Plaintiff alleges that the text messages all came from the "telephone number and transmitted the Caller ID, in the form of both CPN and ANI, as 90421." *Id.* at ¶ 33. Plaintiff alleges it is not possible to "call that number back with a voice call to lodge a Do Not Call Request during regular business hours" and anybody calling that "telephone number" with a "voice call" will not receive an alternate number to call to lodge a Do Not Call request during regular business hours. *Id.* at ¶¶ 35-36. As a result, Plaintiff alleges not a fact, but a conclusory assertion, that the

---

[1] Plaintiff did not file with this Court, or serve Papa Murphy's with, a conformed copy of the State Court Action, and does not allege he filed the State Court Action in his FAC. Counsel for Papa Murphy's search of the Washington Court's website for cases filed by Nathen Barton in Clark County Superior Court revealed only one case filed after Papa Murphy's written demand on December 29, 2025 (more than fourteen days after the demand), Case No. 25046447 which appears to be a separate matter against Columbia Community Credit Union. This information is publicly accessible via the Washington Courts' website.

[2] Out of an abundance of caution, Papa Murphy's is filing this motion to dismiss within fourteen (14) days of electronic service of the FAC, as opposed to the twenty-one (21) days from the subsequent attempted service of the summons by Plaintiff. *See* Fed. R. Civ. P. 15(a)(3); *but see* Fed. R. Civ. P. 12(a)(1)(A)(i).

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 3

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

caller ID information transmitted with the text message did not transmit a "telephone number" that permits "any individual to make a do-not-call request during regular business hours." *Id.* at ¶ 37. However, the text messages incorporated by reference into the FAC specifically state at the end "Stop2End". *Id.* at ¶ 32

Plaintiff alleges he did not consent to the unwanted texts which were sent to encourage Plaintiff to purchase pizza from Papa Murphy's that he did not want. *Id.* at ¶¶ 43-49. Plaintiff alleges he and other call recipients were harmed by these texts, that temporarily deprived them of the legitimate use of their phones, their storage space and network bandwidth was used, they were charged for the texts and their privacy was invaded and the calls were frustrating, obnoxious, annoying and a nuisance that disturbed their solitude while performing critical tasks. *Id.* at ¶¶ 50-51, 57.

Plaintiff proposes three classes, a National DNC Class, a Telemarketing Caller ID Class and a Washington CEMA Class. *Id.* at ¶ 54. In addition, Plaintiff alleges the following claims for relief against Papa Murphy's: 1) Violation of Section 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(c) on behalf of the National DNC Class; 2) ; 2) Violation of Section 227 on behalf of the Telemarketing Caller ID Class and 3) Violation of the Washington CEMA and CPA on behalf of the Washington CEMA Class. *Id.* at ¶¶ 70-84.

Counsel for Papa Murphy's attempted to meet and confer with Plaintiff's counsel prior to filing the prior Motion to Dismiss and the instant Motion to Dismiss.

### III. APPLICABLE STANDARDS

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allopattah Servs., Inc.*, 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject-matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). A complaint may be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Upon such a motion, the plaintiff party bears the burden of establishing the court's jurisdiction. *Kokkonen v.*

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 4

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A defendant may also seek dismissal when a plaintiff makes insufficient service of process or the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2), (5). "When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). Under Washington law, proper service of the summons and complaint is an essential prerequisite to obtaining personal jurisdiction. *Scanlan v. Townsend*, 181 Wash.2d 838, 847 (2014). Service of process must comply with constitutional, statutory, and court rule requirements. *Id.* "Once service is challenged, [a] plaintiff[ ] bear[s] the burden of establishing that service was valid...." *Mitchell v. Dep't of Soc. & Health Servs.*, 2018 WL 993961, at *2 (W.D. Wash. Feb. 21, 2018) (alterations in original) (*quoting Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004))

Alternatively, a motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A court should grant a motion to dismiss for failure to state a claim when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); and *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which requires "more than a sheer possibility that a defendant has acted unlawfully" or "merely consistent with" a defendant's liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court does not accept as true any conclusory allegations or legal conclusions. *Id. at* 678-79. The Court employs a two-pronged analysis to determine the sufficiency of the complaint by (1) disregarding all conclusory allegations or legal conclusions and (2) then determining whether remaining "well-pleaded factual allegations," accepted as true, plausibly give rise to entitlement to relief. *Id.*, 678-79. A pleading that offers only "labels and conclusions" or "naked assertion[s] devoid of further factual

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 5

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  enhancement" will not suffice. *Id.*, 678 (quoting *Twombly,* 550 U.S. at 557). Early dismissal, even prior to any discovery, is appropriate in cases where there is no basis for a plaintiff's allegations. *See Twombly*, 550 U.S. at 559.

IV. **LEGAL ANALYSIS**

  A. **The Court Lacks Subject Matter Jurisdiction Because Plaintiff Did Not File The State Court Action After Papa Murphy's Written Demand**

  The FAC should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. This is a removal action and the Court's subject matter jurisdiction arises from 28 U.S.C. § 1441, which provides, in pertinent part, that:

> Except as otherwise expressly provided by Act of Congress, **any civil action brought in a State court** of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place **where such action is pending**.

28 U.S.C. § 1441(a) (emphasis added.) Papa Murphy's sought removal of this action but simultaneously demanded in writing that Plaintiff file the State Court Action. Plaintiff failed to timely file the State Court Action rendering Plaintiff's service of the summons and complaint void under CR 3(a) and resulting in the State Court Action never being commenced. As a result, there is no "civil action **brought in a State court**" that could be removed to this Court and this Court does not embrace "the place where such action is **pending**" as required by 28 U.S.C. § 1441(a).

  Again, Plaintiff served, **but did not file**, a summons and complaint on Papa Murphy's on November 14, 2025. Docs. 1-2 and 1-3. Washington law provides that "a civil action is commenced by service of a copy of a summons together with a copy of the complaint ... or by filing a complaint." CR 3(a); *see also Seattle Seahawks, Inc. v. King Cty.*, 913 P.2d 375, 376 (Wash. 1996) ("'CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons or by the filing of a complaint.' [Citation.]") (internal citations and quotation marks omitted). As a result, on December 5, 2025, Papa Murphy's filed a Notice of Removal. Doc. 1-3.

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 6

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

However, Washington law also provides that "[u]pon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service **shall be void**." Doc. 1-3 at 4:3-6 (emphasis added); *see Frias v. Asset Foreclosure Services, Inc.*, 181 Wash.2d 412, 427 n. 2 (2014) ("Once something is declared void, it never happened at all for legal purposes.") Papa Murphy's Notice of Removal included a written demand that Plaintiff file the State Court Action with the state court and quoted, in pertinent part, CR 3(a). Doc. 1-3 at 4:3-6; *see also Pacuska v. Allied Van Lines, Inc.*, 2006 WL 521596 at * 4 (W.D. Wash. 2006) ("Nothing in the Washington court rules or the removal statute, 28 U.S.C. § 1446, prohibits a defendant from providing service on the plaintiff a notice of removal together with a written demand that the summons and complaint be filed with the appropriate state court."); *Postica v. Boeing, Inc.*, 2024 WL 5159115 at * 2 fn. 2 (W.D. Wash. 2024) (same).

To Papa Murphy's knowledge, Plaintiff did not file the State Court Action within fourteen (14) days of service of Papa Murphy's written demand, or ever. Indeed, Plaintiff does not allege in the FAC that he filed the State Court Action even though this issue was raised in Papa Murphy's prior motion to dismiss. Moreover, if Plaintiff timely filed the State Court Action, there would be no reason for him to seek and be issued a Summons by the Clerk of this Court, and to then attempt to serve the Summons on Papa Murphy's, on February 13, 2026. Docs. 25-27. As a result, under CR 3(a) the service of the State Court Action is void and the State Court Action is deemed to have never commenced. *See Alderson v. Delta Air Lines, Inc.,* 2018 WL 5240811 at * 2 (W.D. Wash. Oct. 22, 2018) ("If a defendant makes such a 'written demand,' and the plaintiff fails to file the summons and complaint within 14 days after service of the demand, service of the complaint is void **and no action has commenced**." [emphasis added.]).

"A party may not remove a case to federal court before it has commenced in state court." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005); *see also Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 7

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

courts from a state court, it must first be pending in the state court.") "A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court." *Bush,* 425 F.3d at 686 (*citing Herb v. Pitcaim*, 324 U.S. 117, 120 (1945). Under Washington law, although a civil action temporarily commenced in state court upon Plaintiff's service of the summons and complaint, the commencement of that action became contingent on Plaintiff filing the State Court Action within fourteen (14) days of Papa Murphy's written demand. CR 3(a); *see also* RCW 4.16.170 ("If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.")

Plaintiff's failure to file the State Court Action within fourteen days of Papa Murphy's written demand rendered service of the complaint void and resulted in no state court action ever being commenced as required for removal to this Court. *See Morgan v. Twitter, Inc.*, 2023 WL 3271147 at * 8 (E.D. Wash. May 5, 2023) ("If a plaintiff fails to file the action after a defendant provides a written demand, service of the summons and complaint is void, **rendering removal improper**." [emphasis added.]) Since Plaintiff failed to file the State Court Action within fourteen days of Papa Murphy's written demand, Plaintiff did not bring (or commence) any civil action in state court that could be removed to this Court. 28 U.S.C. § 1441(a). Indeed, Plaintiff's failure to file the State Court Action rendered it impossible for Papa Murphy's to ever "file a copy of the notice with the clerk of such State court, **which shall effect the removal**". *See* 28 U.S.C. § 1446(d); s*ee also Blumberger v. Tilley,* 115 F.4th 1113, 1124-1125 (9th Cir. 2024) ("comporting with the procedures of § 1446(a) and (d) removes the case to federal court") Moreover, this Court does not embrace the "place where such action is pending" as Plaintiff's failure to file the State Court Action resulted in no pending civil action. *Id.* Accordingly, this Court lacks subject matter jurisdiction and this action should be dismissed, as it cannot be remanded. *See Ristuccia,* 406 F.2d

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 8

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

at 1258 (affirming district court's dismissal but reversing decision to remand holding it was impossible to remand when there was no pending state action).

### B. The FAC Should Be Dismissed For Insufficient Service Of Process And Lack Of Personal Jurisdiction

Alternatively, the FAC should be dismissed because Plaintiff cannot meet his burden of showing valid service of the summons and complaint on Papa Murphy's and this Court lacks personal jurisdiction over Papa Murphy's as a result.

Plaintiff served an unfiled summons and complaint on Papa Murphy's on November 14, 2025. Docs. 1-2 and 1-3. On December 5, 2025, Papa Murphy's filed a timely and proper Notice of Removal that included a written demand that Plaintiff file the State Court Action with the state court and quoted, in pertinent part, CR 3(a) which provides: "[u]pon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service **shall be void**." Doc. 1-3 at 4:3-6 (emphasis added); *see also Pacuska v. Allied Van Lines, Inc.*, 2006 WL 521596 at * 4 (W.D. Wash. 2006) ("Nothing in the Washington court rules or the removal statute, 28 U.S.C. § 1446, prohibits a defendant from providing service on the plaintiff a notice of removal together with a written demand that the summons and complaint be filed with the appropriate state court."); *Postica v. Boeing, Inc.*, 2024 WL 5159115 at * 2 fn. 2 (W.D. Wash. 2024) (same).

To Papa Murphy's knowledge, Plaintiff did not file the State Court Action within fourteen (14) days of service, or ever. As a result, Plaintiff's service of process on Papa Murphy's is void. CR 3(a). "The failure to accomplish personal service of process is not a defect that can be cured by amendment." *Walker v. Orkin LLC,* 10 Wash.App.2d 565, 572 (2019).

In apparent recognition of the void service of the State Court Action, on February 13, 2026, without seeking leave of this Court or attempting to show good cause, Plaintiff unilaterally sought and was issued a summons by the Clerk of this Court and attempted to serve the summons that same date. Docs. 25-27. However, if the State Court Action was commenced on November 14,

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 9

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2025 (which, as discussed above, it was not), more than ninety (90) days has passed from the Plaintiff's commencement of the State Court Action. Fed. R. Civ. P. 4(m).[3] As a result, the matter can still be dismissed as Plaintiff did not seek or obtain any order from this Court to serve a Summons after the ninety (90) day limit, or even attempt to show good cause. *Id.*; *see also* RCW 4.16.170.

As a result, in the alternative, Papa Murphy's respectfully requests that the Court dismiss the action for insufficient service of process and a lack of personal jurisdiction over Papa Murphy's pursuant to Rules 12(b)(2) and (5).

### C. Plaintiff's TCPA Claims Fail Because "Telephone Calls" Cannot Be Interpreted To Encompass Text Messages Under 47 U.S.C. § 227(c)(5)

Plaintiffs' First and Second causes of action pursuant to the TCPA should be dismissed without leave to amend because Plaintiff cannot allege he received a "telephone call" by, or on behalf of, Papa Murphy's as required to establish a private right of action pursuant to 47 U.S.C. § 227(c)(5). Instead, Plaintiff only alleges he received text messages, and under ordinary principles of statutory interpretation, the term "telephone calls" cannot reasonably be interpreted to encompass "text messages".

All of Plaintiffs' TCPA claims are brought pursuant to section 227(c)(5) of the TCPA, which provides a "private right of action" for a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(d); Doc. 1-X at ¶ 36 (first claim for violation of Section 227(c); ¶ 53 (third claim for violation of regulation 47 C.F.R. § 64.1200(d)); ¶ 59 (fourth claim for violation of regulation 47 C.F.R. § 64.1200(d)(4)); ¶ 71 (sixth claim for violation of regulation 47 C.F.R. § 64.1601(c); and ¶ 78 (seventh claim for injunctive relief under 47 U.S.C. § 227.). Under the plain language of Section 227(c), a "text

---

[3] Plaintiff's failure to file the State Court Action also creates the potential absurdity of rendering Rule 4(m) entirely moot, as the ninety (90) day period runs from "after the complaint is filed". Fed. R. Civ. P. 4(m). Since Plaintiff never filed a complaint, arguably Plaintiff would be rewarded by not being subject to the ninety (90) day limit.

**MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT** - 10

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

message" is not a "telephone call".

### 1. A Text Message is Not a Telephone Call Under Section 227(c)(5)

It is a matter of common sense that any reasonable and ordinary interpretation of the meaning of the term "telephone call" does not include a "text message." Instead, "it is only though the rulemaking authority of the FCC that the voice call provisions of the TCPA have been extended to text messages." *Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023); *see also Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037, 1041 (stating with respect to the term "any call" under Section 227(b)(1)(A) of the TCPA, the FCC "has interpreted the TCPA to 'encompass [ ] both voice calls and text calls to wireless numbers including, for example, short messages services (SMS) calls' which are generally referred to as text messages. [citations.]")

However, the Supreme Court recently held that a "District Court is not bound by the FCC's interpretation of the TCPA." *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 168 (2025). Instead, "a district court **must independently determine for itself** whether the agency's interpretation of a statute is correct. District courts are not bound by the agency's interpretation, but instead **must determine the meaning of the law under ordinary principles of statutory interpretation**." *McLaughlin Chiropractic*, 606 U.S. at 155 (*citing Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024) (emphasis added.) To date, the Ninth Circuit has not applied ordinary principles of statutory interpretation consistent with *McLaughlin* to ascertain whether the term "telephone call" under Section 227(c)(5) of the TCPA can be interpreted to encompass "text messages". It cannot.

In the Ninth Circuit, the district court's "first job is to determine whether congressional intent regarding the definition of [telephone call] is clear because when the meaning of a statute is clear, the 'sole function of the courts' is to 'enforce [the statute] according to its terms.' [citations.]" *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1161 (9th Cir. 2025); *see also Guido v. Mount Lemmon Fire Dist.*, 859 F.3d 1168, 1170 n.1 (9th Cir. 2017) ("If the 'statutory text is

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 11

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

plain and unambiguous[,]' [the district court] 'must apply the statute according to its terms.'" [citation omitted.]). "A fundamental canon of statutory construction is that unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979); *see also Trim*, 76 F.4th at 1161 ("One such tool is that we interpret words consistent with their 'ordinary meaning ... at the time Congress enacted the statute,' quoting *Perrin*.).

"[I]n common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication". *See Sayed v. Naturopathic Holistic Health, Inc.,* Case No. 8:25-cv-00847-SDM-CPT, 2025 WL 2997759 * 2 (M.D. Fla. Oct. 24, 2025); *see also Davis v. CVS Pharmacy, Inc*., 2025 WL 2491195, at *1  (N.D. Fla. 2025); *Jones v. Blackstone Medical Services, LLC,* 792 F.Supp.3d 894, 899 (N.D. Ill. 2025) ("Text messaging was not an available technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages.")  As a result, it is beyond dispute that Congress did not intend "telephone call" to include a "text message" when it enacted the TCPA.

More importantly, after text messages became an available technology, Congress amended the TCPA and specifically defined the term "text message" as "a message consisting of text, images, sounds, or other information that is transmitted for or from a device" and further provided it "does not include . . . a real-time, two-way voice or video communication" (i.e., Congress clarified that a text message does not include what is generally understood to be a telephone call). 47 U.S.C. § 227(e)(8)(C).  Congress also repeatedly distinguished between "a call made using a voice service" and "a text message sent using a text messaging service".  47 U.S.C. §§ 227(e)(8)(A)–(B); *see also See Trim,* 76 F.4th at 1162 ("If voice calls encompassed text messages, the inclusion of the term text message would be surplusage, and Congress would have written the statute in a manner contrary to a basic canon of statutory construction, that a statute should be interpreted 'so as not to render one part inoperative.' [Citation.]".). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 12

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (alteration in original) (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)); *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2021) (quoting same and stating "we are mindful of 'the usual rule that when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.' [citation.]")

Since Congress amended the TCPA and defined the term "text message" in a manner that specifically excludes what is generally considered to be a "telephone call" and also chose not to amend Section 227(c)(5) in order to incorporate the defined term "text message", Section 227(c)(5) of the TCPA cannot reasonably be interpreted to encompass text messages. Accordingly, Plaintiffs' TCPA claims all fail as a matter of law.

        2.    *There is no Contrary Controlling Ninth Circuit Authority*

Although the Ninth Circuit has issued a number of inapposite decisions prior to *McLaughlin*, none are controlling, or even persuasive, in light of *McLaughlin*.

First, in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951-954 (9th Cir. 2009), the Ninth Circuit held that a "text message" falls within the meaning of "any call" under Section 227(b)(1)(a) of the TCPA. The Ninth Circuit applied the no longer viable standard of deference set forth in *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) in concluding that it "must defer" to the FCC's permissible interpretation of Section 227(b) of the TCPA. *Id.* at 954. Since that time, *Chevron* was overruled by the Supreme Court's decision in *Loper Bright Enterprises, Inc. v. Raimondo*, 603 U.S. 369, 376 (2024). Moreover, as discussed below, shortly after *Satterfield,* Congress amended the TCPA to expressly define the term "text message" in a manner entirely inconsistent with that of a "telephone call". 47 U.S.C. 227(e)(8)(C). As a result, there is no reason to extend the holding in *Satterfield* to Section 227(c)(5) of the TCPA.

After *Satterfield*, the Ninth Circuit issued a number of decisions that simply adopted its

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 13

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

conclusion without conducting the analysis required by *McLaughlin,* largely because the cases focused on the separate issue of Article III standing. *See Van Patten v. Vertical Fitness Grp., LLC,* 847 F.3d 1037, 1042 (9th Cir. 2017) (citing the FCC regulations and the decision in *Satterfield* that a text is a call in connection with analysis of Article III standing under Section 227(b)); *Chenette v. Porch.com, Inc.,* 50 F.4th 1217, 1221-1222 (9th Cir. 2022) (citing the decision in *Van Patten* that a text is a call, and limiting its analysis under Section 227(c) to whether a cell phone could be a "residential" telephone.); *Hall v. Smosh Dot Com, Inc.,* 72 F.4th 983, 988 (9th Cir. 2023) (citing the decision in *Van Patten* that a text is a call for Article III standing, and limiting analysis to whether actual use of phone or receipt of message is necessary for Article III standing). No Ninth Circuit decision has specifically considered, let alone held, whether a "text message" is a "telephone call" under Section 227(c)(5). As discussed above, under ordinary principles of statutory interpretation, a text message is not a telephone call under Section 227(c)(5) and, therefore, Plaintiff's TCPA claims fail.

### D.  Plaintiff Cannot Allege Facts to Support His Second Cause of Action

Plaintiff's Second Cause of Action based on 47 C.F.R. § 64.1601(e) should also be dismissed because Plaintiff cannot allege facts sufficient to support the claim. Pursuant to 47 C.F.R. § 64.1601(e), any "person or entity that engaged in telemarketing . . . must transmit caller identification information" which "must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer" and "[t]he telephone number so provided must permit an individual to make a don-not-call request during regular business hours."

In the FAC, Plaintiff admits that he was provided a CPN or ANI by Papa Murphy's in connection with each text message he received (the short-code number "90421"). Doc. 23 at ¶ 33. However, Plaintiff does not, and cannot, allege that he could not make a do-not-call request by sending a text back to the short-code number "90421" stating Stop2End, as expressly provided within the text messages he received. *Id.* at ¶ 32.

Instead, Plaintiff alleges that the statute requires that the "telephone number" provided

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 14

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

"permit any individual to make a do-not-call request during regular business hours. *Id.* at 37; *see also* 47 C.F.R. § 64.1601(e)(1). Plaintiff asserts that it was not "possible to call that number back with a voice call to lodge a Do Not Call request during regular business hours", to "send a text message call to that number and have a conversation with anybody" or call the number with a "voice call" and receive an alternate number to call to lodge a Do Not Call Request during normal business hours. *Id.* at ¶¶ 34-36.

It is worth noting that each of above allegations reflects Plaintiff's interpretation that the term "telephone number" refers to a number that permits a "voice" or "conversation" and not merely a "telephone number" that can receive a text message. As a result, Plaintiff is acknowledging that even he understands that the only reasonable interpretation of the statute is that text messages are not the same as telephone calls for purposes of this section of the TCPA.

In any event, if the statute could be reasonably interpreted to apply to text messages (which it cannot), there is no reasonable basis for Plaintiff to contend that the term "telephone number" requires a voice or live conversation to permit an opt-out during regular business hours. Instead, the only reasonable interpretation is that the statute only requires an individual be permitted to opt out via a text message sent during regular business hours to the telephone number provided. Since Plaintiff cannot allege he was not permitted to sent an opt-out text message at any time, including during regular business hours, his second cause of action fails as a matter of law and should be dismissed without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, Papa Murphy's respectfully requests that the Court dismiss the claims of the Plaintiff pursuant to Fed. R. Civ. P. 12(b)(2), (5) or (6).

I certify that this memorandum contains 5,457 words, in compliance with the Local Civil Rules.

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 15

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Dated: February 17, 2026

GORDON REES SCULLY
MANSUKHANI, LLP


By: */s/ Donell A. Hicks*
　　Donell A. Hicks, WSBA #62606
　　dhicks@grsm.com
　　Erin Thenell, WSBA #51449
　　ethenell@grsm.com
　　701 Fifth Avenue, Suite 2100
　　Seattle, WA 98104
　　Phone: (206) 695-5100
　　Fax: (206) 689-2822
　　Attorneys for defendant Papa Murphy's
　　Company Stores, Inc.

**MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT** - 16

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and accurate copy of the foregoing document was served via e-mail on the following individuals as indicated below:

Samuel J. Stauss
Strauss Borrelli PLLC
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
T: (872) 263-1100
Email: sam@straussborrelli.com

Andrew Roman Perrong (pro hac vice)
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
T: 215-225-5529
Email: a@perronglaw.com

Anthony Paronich (pro hac vice)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email: anthony@paronichlaw.com

***Attorney for Plaintiff Nathen w. Barton***

Dated: February 17, 2026.

/s/ Donell A. Hicks
Donell A. Hicks
hicks@grsm.com

---

**MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT** - 17

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. On **February 17, 2026**, I served the following document:

**DEFENDANT PAPA MURPHY'S COMPANY STORES, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

☒ **VIA ELECTRONIC MAIL -** I caused the document(s) listed above to be served by transmitting via the CM/ECF document filing system the document(s) listed above to the electronic mail (e-mail) address as listed below.

☒ **VIA U.S. MAIL -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Samuel J. Strauss
STRAUSS BORRELLI PLLC
980 N Michigan Ave Ste 1610
Chicago, IL 60611-7502
T: (872) 263-1100
F: (872) 263-1109
Email: sam@straussborrelli.com

Anthony Paronich (pro hac vice)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
T: 617-485-0018
Email: anthony@paronichlaw.com

Andrew Roman Perrong (pro hac vice)
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
T: 215-225-5529
a@perronglaw.com

*Attorneys for Plaintiff*
*NATHEN BARTON*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **February 17, 2026**, at Los Angeles, California.

*/s/ Marisela Tesillo*
Marisela Tesillo

MOTION TO DISMISS THE FIRST AMENDED
CLASS ACTION COMPLAINT - 18

GORDON REES SCULLY
MANSUKHANI, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822